# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 11-0608-CG-M** |
| | ) | |
| **One parcel of real property located** | ) | |
| **at 10730 Meadow Lane West,** | ) | |
| **Irvington, Alabama,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER OF FORFEITURE

This matter is before the Court on plaintiff's Motion for Entry of Order of Forfeiture (Doc. 22).  For cause shown, the Motion is **GRANTED**.

The defendant real property is specifically described as 10730 Meadow Lane West, Irvington, Alabama, together with its buildings, appurtenances, improvements, fixtures, attachments and easements that constitutes the residence, curtilage and outlying property thereon, including any residence, or other building thereon, located in Mobile County, Alabama within the Southern District of Alabama.  The deed to the defendant property places title in the name of Douglas Ray and Lilly Gainell Ray, and is recorded in Deed Book 44, page 62, in the Office of the Judge of Probate, Mobile County, Alabama, and with a legal description of:

### Property Description # 1

**Lot 1 of Ray Subdivision recorded in Real Property Book 44, Page 62, in the records of the Probate Court of County, Alabama, excepting all easements and rights of way of record.**

On October 26, 2011, the plaintiff filed a Complaint for Forfeiture <u>In</u> <u>Rem</u> against the defendant real property, to enforce the provisions of Title 21, U.S.C., § 881(a)(7).  Title 21 U.S.C. § 881(a)(7) subjects to civil forfeiture all real property, including any right, title and interest therein and any appurtenances and improvements thereon, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of the Controlled Substances Act, which is punishable by more than one year's imprisonment.

In <u>United States v. Douglas Giles Ray</u>, 10-00276-CG, Ray pled guilty to Count One of an Indictment charging him with a violation of Title 21 U.S.C. § 846, which more specifically alleged that between in or about 2008, to and continuing through on or about November 4, 2010, Ray and others conspired to possess with intent to distribute more than 100 kilograms of marijuana, a Schedule I Controlled Substance, an offense punishable under the penalty provisions of 21 U.S.C. § 841(b)(1)(B).  That Controlled Substance violation is punishable by a term of imprisonment greater than one year, more specifically, with a term of imprisonment not less than 5 years nor more than 40 years.  In connection with Ray's guilty plea, he admitted facts which support that he used the defendant property to facilitate the offense of conviction, including that the Mobile County Sheriff's Office's discovered 54 pounds of marijuana in his and his wife's residence on the defendant property.  Douglas Ray's interest in the defendant property was forfeited to the United States in the criminal case as the Court ordered the forfeiture as part of his sentence.  However, Lilly Ray was not charged criminally and her interest in the

property was not forfeited.

Pursuant to Title 18, U.S.C., § 985 (c)(1)(B) and the Court's Writ of Entry, the Department of Homeland Security/Homeland Security Investigations ("DHS/HSI") posted a copy of the complaint on the only residence located on the parcel on January 25, 2012.  Once DHS/HSI posted notice on the property no further action was necessary for the court to have <u>in rem</u> jurisdiction over it.  <u>See</u> 18 U.S.C., § 985(c)(3).

On January 25, 2012, the plaintiff personally served Lilly Gainell Ray with a copy of the Complaint and Notice of Forfeiture Action in accordance with Title 18, U.S.C., 985(c)(1)(C), at 10730 Meadow Lane West, Irvington, Alabama.  Claimant Lilly Ray filed a timely claim and answer.

Beginning on November 9, 2011, plaintiff published notice on an official government internet forfeiture website at <u>www.forfeiture.gov</u> for 30 consecutive days.   Supplemental Rule G(4)(iv)(C) deems internet publication an alternative to newspaper publication in civil forfeiture actions.  Any putative claimants who received notice by internet publication had to file a claim no later than 60 days after the first date of publication on the official government forfeiture website (by January 9, 2012).  See Supplemental Rule G(5)(ii)(B).  No putative claimant who received notice by internet publication has filed a timely claim, motion or answer and the deadline to do so has expired.  Supplemental Rule G(5)(b).

On November 28, 2012, plaintiff and claimant filed a Release and Settlement of All Claims and Stipulation and Consent to Entry of Order of Forfeiture.  The

plaintiff and claimant agreed that the defendant property is subject to civil forfeiture as alleged in the Verified Complaint pursuant to 21 U.S.C., § 881(a)(7). However, the plaintiff agreed that claimant had up to 60 days from November 16, 2012, to tender money in lieu of forfeiture of the defendant real property in an amount that the plaintiff (in its discretion) could accept or reject.  (Id.).  The plaintiff reports that it has neither received such a monetary offer in lieu of forfeiture nor had any communication from claimant's counsel since the parties filed the settlement agreement.  Claimant's time to make such an offer has expired. Therefore, this matter is ripe for final disposition.

**NOW, THEREFORE**, the Court having considered the matter and having been fully advised in the premises, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1.  This Court has jurisdiction over the subject matter, and the complaint states a claim upon which relief may be granted.

2.  In accordance with the Verified Complaint and the parties' settlement agreement, the defendant, 10730 Meadow Lane West, Irvington, Alabama, together with its building, appurtenances, improvements, fixtures, attachments and easements, that would constitute the residence, curtilage and outlying property in Mobile County, Alabama, as more fully described herein above is ordered to be forfeited to the plaintiff, the United States of America for disposition according to law pursuant to Title 21, U.S.C., § 881(a)(7), and Title 18, U.S.C., § 985(c)(1)(A).

3.  This Order resolving all matters and issues joined in this action, the Clerk of Court is directed to close this file for administrative and statistical purposes.

**DONE and ORDERED** this 30th day of January, 2013.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE